ADANTÉ D.  POINTER, ESQ., SBN 236229
PATRICK M. BUELNA, ESQ., SBN 317043
LATEEF H. GRAY, ESQ., SBN 250055
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: (510) 929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO AYALA GARCIA, an individual,

Plaintiff,

v.

COUNTY OF CONTRA COSTA; a California public entity; and DOES 1-20, inclusive;

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

(1) Excessive Force (42 U.S.C., § 1983)
(2) Failure to Intervene (42 U.S.C., § 1983)
(3) Battery (Cal. Gov. Code, § 820)
(4) Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code, § 52.1)
(5) Negligence (Cal. Gov. Code, § 820)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

Plaintiff Gustavo Ayala Garcia, for his Complaint for Damages against Defendants County of Contra Costa and DOES 1 through 20, exclusive (collectively, "Defendants") hereby alleges as follows:

## THE PARTIES

1.    At the times of the violations of law alleged herein, and continuing to the

COMPLAINT FOR DAMAGES
- 1 –

present time, Plaintiff Gustavo Ayala Garcia ("Plaintiff") was and remains a competent adult. At the times of the violations of law alleged herein, Plaintiff was a resident of the County of Contra Costa, California.

2.    Defendant County of Contra Costa (the "County") is a municipal public entity located within this judicial district and duly authorized and existing as such in and under the laws of the State of California. The County manages and operates the County of Contra Costa Sheriff's Department ("CCSD"), its CCSD officers and the DOE Defendants identified herein. At the times of the violations of law alleged herein, the County was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the County, the CCSD and their employees / agents complied with the laws of the United States and the State of California.

3.    Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 20 (the "DOE Defendants") and, therefore, sues the DOE Defendants by such fictitious names. Defendants DOES 1 through 20, inclusive, are individuals employed as law enforcement deputies by the County and/or CCSD, whose true names and capacities are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Each of the DOE Defendants proximately caused Plaintiff's injuries / damages because of their conduct, negligence, breach of duty, management and/or violation of public policy. Each DOE Defendant is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission. At all times mentioned, these DOE Defendants were acting within the course and scope of their employment and under the authority of the County / CCSD.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**COMPLAINT FOR DAMAGES**
- 2 –

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

4.      All named and DOE Defendants are referred to herein collectively as "Defendants."

## JURISDICTION & VENUE

5.      This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. sections 1331 [federal question jurisdiction] and 1343(a)(3) [federal civil rights jurisdiction]. All claims for violations of the United States Constitution are brought pursuant to 42 U.S.C. section 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367.

6.      Venue is proper in this judicial district under 28 U.S.C section 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

7.      Pursuant to the California Tort Claims Act, Plaintiff presented a tort claim to the County on or about July 7, 2025 (within six months of the violation of law alleged herein), which the County rejected as matter of law. As such, Plaintiff has exhausted his administrative remedies.

## FACTUAL ALLEGATIONS

8.      In the afternoon of December 26, 2024, Plaintiff was seated in the front passenger seat of a vehicle in which his acquaintance, Raul Cruz, was driving the vehicle.

9.      The vehicle drove over spike strips causing the vehicle to come to a complete stop.

10.      Plaintiff proceeded to exit the passenger side vehicle and saw numerous unmarked CCSD vehicles and un-uniformed CCSD deputies chase after him.

11.      Plaintiff ran in the opposite direction of the un-uniformed CCSD

deputies.

12. The CCSD deputies did not identify themselves or give Plaintiff commands, but instead Defendant DOES 1-20 commanded a CCSD K-9 unit to track down and attack Plaintiff, which it proceeded to do.

13. Once the CCSD K-9 unit brought Plaintiff to the ground, it was permitted to violently bite and maul Plaintiff's right leg for an extended period of time. Plaintiff did not attack the CCSD K-9 and instead stayed on the ground, indicated his surrender, and pleaded with DOES 1-20 to call off the K-9.

14. DOES 1-20 quickly ran up to Plaintiff and promptly secured him in handcuffs. However, DOES 1-20 did not instruct the K-9 to stop attacking Plaintiff. DOES 1-20 instead stood by and watched as the K-9 continued to maul Plaintiff after he was secured in handcuffs and no longer posed any threat or flight risk. Some of the DOE Defendants even encouraged the K-9 to continue attacking Plaintiff.

15. DOES 1-20, who watched on as the K-9 viciously attacked a man secured in handcuffs, had ample opportunity to intervene and call of the K-9 once it was clear that Plaintiff was secured in handcuffs, did not pose a threat, and had submitted to being brought into custody.

16. Shockingly, as Plaintiff continued to plead with the deputies to call off the K-9, DOES 1-20 ran over to Plaintiff and proceeded to stomp all over Plaintiff's body while the CCSD K-9 unit was still violently biting Plaintiff's right leg.

17. Eventually, and after Plaintiff had been severely bitten and beaten, DOES finally called off the K-9 unit, ceased the beating, and took Plaintiff into custody.

18. The K-9 attack and DOE Defendants' subsequent uses of force will be referred

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

to herein collectively as the "Subject Uses of Force." The entire incident described above will be referred to herein as the "Subject Incident."

19.     As a direct and proximate result of the Subject Uses of Force, Plaintiff sustained serious physical injuries, including: puncture wounds, damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

20.     The Subject Uses of Force and Defendants' failures to intervene to stop them were egregious, outrageous, and shock the conscience, and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health, and well-being.

## CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF**
**Excessive Force in Violation of the Fourth Amendment (42 U.S.C., § 1983)**
(*By Plaintiff against DOES 1-20*)

21.     Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

22.     The Subject Uses of Force employed against Plaintiff were not objectively reasonable in light of the facts and circumstances confronting Defendants during the Subject Incident.

23.     Under Ninth Circuit precedent, the nature and quality of the Subject Uses of Force [dog bite(s) & stomp] were severe as they were likely to, and did, cause grievous injury to Plaintiff.

24.    Yet, once Plaintiff was on the ground, secured in handcuffs, and no longer attempting to flee, the government's interest in the Subject Uses of Force was non-existent. Plaintiff did not resist the application of handcuffs and ceased trying to flee once brought down by the K-9. Furthermore, Plaintiff did not fight back or even attempt to protect himself against the K-9 unit, nor did Plaintiff resist DOES 1-20 when they started stomping him. Plaintiff did not pose any risk of harm to DOES 1-20 or anyone else. At no point during the Subject Incident did Plaintiff do anything or say anything that would give Defendants any reason to believe he was a danger to them.

25.    Balancing the nature and quality of the intrusion of the Subject Uses of Force on Plaintiff's Fourth Amendment rights against the countervailing governmental interests at stake, the Subject Uses of Force were excessive in violation of the Fourth Amendment.

26.    As a direct and proximate result of the Subject Uses of Force, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

27.    The Subject Uses of Force were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**Failure to Intervene (42 U.S.C., § 1983)**
(*By Plaintiff Against DOES 1-20*)

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**COMPLAINT FOR DAMAGES**
- 6 –

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

28.     Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

29.     After Plaintiff was secured in handcuffs, DOES 1-20 permitted the CCSD K-9 to violently bite and maul Plaintiff's right leg for several minutes while they watched idly nearby. DOES 1-20 had ample opportunity to intervene and call off the K-9 unit's attack yet failed to do so. Likewise, DOES 1-20 stood by and watched as deputies kicked and stomped on Plaintiff as he laid on the ground in handcuffs.  Reasonable officers in DOES 1-20s' position would have understood that continued, severe uses of force were not necessary because Plaintiff was secured in handcuffs, was not dangerous or resisting, and was no longer attempting to flee.

30.     As a direct and proximate result of DOES 1-20s' failures to intervene to stop the K-9 unit's attack, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

31.     DOES 1-20s' failures to intervene were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### Battery (Cal. Gov. Code, § 820)
*(By Plaintiff Against DOES 1-20 and the COUNTY OF CONTRA COSTA)*

32.     Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

33.     The Subject Uses of Force were not objectively reasonable in light of the facts and circumstances confronting Defendants during the Subject Incident.

34.     The Subject Uses of Force employed by Defendants were intentional and meant to harm or offend Plaintiff, and did just that.

35.     Plaintiff did not consent to the Subject Uses of Force.

36.     A reasonable person in Plaintiff's position would have been offended by the Subject Uses of Force.

37.     As a direct and proximate result of DOES 1-20s' conduct, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

38.     DOES 1-20s' battery against Plaintiff was egregious, outrageous, and shocks the conscience; and/or was committed with oppression and/or malice; and/or was despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

39.     DOES 1-20s' battery conduct described herein was committed within the scope of their employment with the County. The County is vicariously liable for state law torts committed by DOE Defendants, including their battery against Plaintiff, pursuant to California Government Code section 815.2(a).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code, § 52.1)**
(*By Plaintiff Against DOES 1-20 and COUNTY OF CONTRA COSTA*)

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

40.     Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

41.     The nature of the Subject Uses of Force and the manners in which they were employed demonstrate DOES 1-20s' specific intent to violate Plaintiff's constitutional rights by threats, intimidation or coercion. At a minimum, DOES 1-20s' excessive use of force and/or failure to intervene in the excessive use of force displayed reckless disregard for Plaintiff's constitutional right to be free from excessive force.

42.     As a direct and proximate result of DOES 1-20s' violations of the Tom Bane Civil Rights Act, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur financial losses due to his inability to work.

43.     DOES 1-20s' violation of the Tom Bane Civil Rights Act was egregious, outrageous and shocks the conscience; and/or was committed with oppression and/or malice; and/or was despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

44.     DOES 1-20s' violation of the Tom Bane Civil Rights Act was committed within the scope of their employment with the County. The County is vicariously liable for state law torts committed by DOES 1-20, including their Bane Act violations, pursuant to California Government Code section 815.2(a).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CLAIM FOR RELIEF**
**Negligence (Cal. Gov. Code, § 820)**
(*By Plaintiff Against DOES 1-20 and COUNTY OF CONTRA COSTA*)

**COMPLAINT FOR DAMAGES**
- 9 –

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

45.    Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

46.    DOES 1-20 owed Plaintiff a duty of care to act reasonably during the Subject Incident and to only use force that was reasonably necessary under the circumstances.

47.    DOES 1-20 violated their duty of care to Plaintiff when they used excessive force against him.

48.    As a direct and proximate result of DOES 1-20s' negligence, Plaintiff has suffered damages in amounts to be proven at trial.

49.    DOES 1-20s' negligence was committed within the scope of their employment with the County. Pursuant to California Government Code section 815.2(a), the County is vicariously liable for state law torts committed by DOE Defendants, including their negligence as it relates to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY TRIAL DEMAND

**WHEREFORE**, Plaintiff Gustavo Ayala Garcia demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gustavo Ayala Garcia prays for judgment against Defendants as follows:

1.    For general and special damages according to proof at trial;

2.    For punitive damages against DOES 1-20;

3.    For reasonable attorney's fees;

4.    For prejudgment interest;

5.    For costs; and

6.    For such other relief as the Court deems just and proper.


Dated: January 27, 2026                    **POINTER & BUELNA, LLP**
                                           **LAWYERS FOR THE PEOPLE**

                                           /s/ *Lateef H. Gray*
                                           LATEEF H. GRAY
                                           Counsel for Plaintiff
                                           Gustavo Ayala Garcia